IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DAVE D. PROBERT, an individual, and JACKLYN O. PROBERT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CLOROX COMPANY, a California company, and JOHN DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 1:07-CV-139 |

Presently before the Court are The Clorox Company's Motion for Summary Judgment of Invalidity of Claims 1, 3, and 4 of the Patent-in-suit as Anticipated and/or Obvious (Dkt. No. 47), Proberts' Rule 56(f) Motion to Continue the due date of its Opposition Brief (Dkt. No. 60), and Proberts' Further Rule 56(f) Motion to Continue the due date of its Opposition Briefs (Dkt. No. 83). For the reasons discussed below, the Court GRANTS Clorox's motion for summary judgment and DENIES the Proberts' Rule 56(f) motions.

**BACKGROUND**

Clorox's first motion for summary judgment has been pending before the Court since January 23, 2009. The delay in addressing this motion has largely arisen because of plaintiffs' counsels' repeated failure to abide by their self-imposed deadlines. Although Clorox filed its motion nearly six months ago, Plaintiffs, the Proberts, did not oppose Clorox's motion until July

7, 2009.  It was the Proberts' position that they could not fully respond to Clorox's motion until after they took the deposition of Clorox's expert, Dr. William Ratula.  Accordingly, on February 23, 2009, the Proberts filed their first Rule 56(f) motion requesting that they be given three weeks from the time they received a transcript of Dr. Rutala's depostion to file their opposition memorandum.  The Proberts took Dr. Rutala's deposition on March 11, 2009, received a draft transcript on March 24, 2009, but did not file an opposition memorandum within the requested three weeks of that date.

      On March 27, 2009, Clorox filed its second motion for summary judgment.

      On April 15, 2009, Clorox filed a Notice of Expiration of Time to Oppose Clorox's First Summary Judgment Motion.  The Proberts filed their second Rule 56(f) motion that same day.  Despite receiving a draft transcript of Dr. Rutala's deposition on March 24, 2009, the Proberts argued that they could not file their opposition memorandum until after they received a reviewed and signed deposition transcript from Dr. Ratula, which would not occur until after April 20, 2009.  It was their position that Dr. Rutala's deposition transcript was not complete until reviewed and signed.  Furthermore, they argued that because one of their attorneys would be outside the country from April 17 through mid-May, they would need an extension of time to file their opposition brief until counsel had a reasonable opportunity to study the complete deposition transcript of Dr. Rutala.  The Proberts received a signed deposition transcript on April 24, 2009.

      Clorox opposed the Proberts' second Rule 56(f) motion on April 17, 2009, arguing that the Proberts had not met Rule 56(f)'s requirements which obligates the movant to specifically identify probable facts needed for its opposition and the steps taken to obtain those facts.  Clorox also argued that the Proberts' second Rule 56(f) motion was filed in bad faith and solely for

delay.

The Proberts responded to Clorox's opposition with a reply memorandum on April 28, 2009. At that time, the Proberts' counsel requested, yet again, an extension of time to file their memorandum in opposition to Clorox's first motion for summary judgment. This time counsel requested to have until June 4, 2009. Once again, however, the Proberts did not file an opposition brief within the amount of time they requested. It was not until July 7, 2009, nearly 6-months after Clorox's first motion for summary judgment was filed, that the Proberts finally filed their brief.

## **DISCUSSION**

DUCivR 7-1(d) provides that "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice." In this case, plaintiffs repeatedly requested additional time to respond to Clorox's first motion for summary judgment, culminating with a final request to have until June 4, 2009. Despite this, Plaintiffs failed to file their opposition brief until July 7, 2009. By all accounts, Plaintiffs' brief was untimely. Accordingly, the Court GRANTS Clorox's first motion for summary judgment (Dkt. No. 47).

Rule 56 of the Federal Rules of Civil Procedure states that "[i]f a party opposing [summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may order a continuance for a summary judgment opposition. Fed. R. Civ. P. 56(f). In the Tenth Circuit, the party must identify probable facts needed to oppose a summary judgment motion, which are currently unavailable, and the steps the party has taken to obtain those facts. *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1552 (10th Cir. 1992)).

Rule 56 also requires a party seeking the protection of subsection (f) to "state with specificity how the additional material will rebut the summary judgment motion." *Ezra v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

In this case, the Proberts have failed to comply with the requirements of Rule 56(f). Rule 56(f) imposed on the Proberts specific requirements that they explain how the additional material from the defendant's expert would rebut Clorox's first motion for summary judgment. This they did not do. Instead, the Proberts simply argued that they needed to depose Dr. Rutala in order to challenge or discover the factual bases upon which he relied in coming to the conclusions in his expert report. This is not a sufficient basis upon which to obtain Rule 56(f) relief. Furthermore, the Court is skeptical of the Proberts' position that it needs discovery from an opposing party's expert witness in order to identify genuine issues of fact that would preclude summary judgment. Accordingly, the Court DENIES both of the Proberts' Rule 56(f) motions. And based on the actions, inactions, and failed compliance with their own self-imposed deadlines, it appears to the Court that the plaintiffs have engaged in a baseless effort to delay matters in this case. Therefore, the Court awards reasonable attorneys' fees and expenses to Clorox for fees and expenses incurred as a result of the Proberts' second Rule 56(f) motion.

Dated this 17th day of July, 2009.

Dee Benson
United States District Judge