---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

---

| | |
|---|---|
| **DAVE D. PROBERT, an individual; and JACKLYN O. PROBERT, an individual;** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 1:07cv139** |
| **THE CLOROX COMPANY, a California company;** | **District Judge Dee Benson** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

---

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is The Clorox Company's ("Defendant") motion for sanctions for the violation of the protective order entered into by Dave D. Probert and Jacklyn O. Probert (collectively, "Plaintiffs") and Defendant.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 16.

[2] *See* docket no. 57.

Case 1:07-cv-00139-DB   Document 100   Filed 08/07/09   Page 2 of 4

Defendant alleges that in violation of the protective order governing this action, counsel

for Plaintiffs, Todd E. Zenger ("Mr. Zenger"), disclosed confidential and proprietary information

that Defendant had designated as Confidential Attorneys' Eyes Only ("AEO") to one of

Plaintiffs' expert witnesses even though that expert had not yet been authorized to receive or

review it.  Specifically, Defendant asserts that Mr. Zenger failed to (1) designate Plaintiffs'

expert witness, Dr. Noel H. de Nevers ("Dr. de Nevers"), as a "Qualified Expert" as required by

paragraph 12 of the protective order or (2) provide Dr. de Nevers with the protective order and

the acknowledgment and agreement to be bound by the protective order prior to providing him

documents designated as AEO.  The documents in question were attached to Defendant's expert

rebuttal report.

In response, Plaintiffs contend that during Dr. de Nevers's deposition, counsel for

Defendant acknowledged Dr. de Nevers as a Qualified Expert pursuant to the protective order.

Plaintiffs argue that this acknowledgment waived the technical signing requirement.  Plaintiffs

further assert that after making assurances during Dr. de Nevers's deposition that nothing

untoward had been done with the AEO material, Mr. Zenger nevertheless provided to Defendant

(1) the executed acknowledgment and agreement of Dr. de Nevers with an effective date of his

receipt of the rebuttal report; (2) a written assurance that the rebuttal report and exhibits had not

been treated contrary to the protective order; and (3) a written assurance that there was no other

instance in which any document or information that Defendant has designated as AEO material

has been disclosed to any individual who is not listed in paragraph 10 of the protective order,

including to Plaintiffs.  Plaintiffs state that there is no evidence of any harm to Defendant based

on this disclosure prior to Dr. de Nevers's execution of the acknowledgment and agreement. Accordingly, Plaintiffs urge the court to deny Defendant's motion.

Defendant responds by asserting that it did not waive the signing requirement by questioning Dr. de Nevers about the disclosure of the AEO materials at his deposition; counsel for Defendant was merely acting to control the damage done by the violation of the protective order. Defendant further contends that the protective order was violated because Dr. de Nevers was not authorized to receive AEO materials when Mr. Zenger provided Defendant's expert rebuttal report to him regardless of the eventual execution of the acknowledgment and agreement, and, as a result, the objectives of the protective order were not met. Defendant argues that the court must grant the motion in order to deter any future violations of the protective order.

Under rule 37 of the Federal Rules of Civil Procedure, a court has the discretion to sanction a party for failing to abide by an order of the court. *See* Fed. R. Civ. P. 37(b)(2). While the court understands Defendant's concern that Mr. Zenger failed to have Dr. de Nevers execute the acknowledgment and agreement prior to showing him the AEO materials, those concerns should have been assuaged by Mr. Zenger's and Dr. de Nevers's repeated assurances. Both Mr. Zenger and Dr. de Nevers indicated at Dr. de Nevers's deposition that Dr. de Nevers would abide by the protective order. Mr. Zenger has provided a copy of the acknowledgment and agreement executed by Dr. de Nevers to counsel for Defendant and has made other assurances that nothing untoward had been done with the AEO material.

The court agrees with Defendant that there has been a technical violation of the protective order.  However, because Mr. Zenger and Dr. de Nevers remedied that violation through their assurances and eventual execution of the acknowledgment and agreement, the court does not find that sanctions are warranted in this matter.  In other words, the letter of the law killeth, the spirit of the law giveth life.  And, as such, the court **DENIES** Defendant's motion for sanctions.

**IT IS SO ORDERED.**

DATED this 7th day of August, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge